**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINA N. BAILEY,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   20-55887

D.C. No.
2:19-cv-06323-RGK-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 30, 2021
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

Appellant Christina N. Bailey appeals the district court's affirmation of the

Commissioner of Social Security's ("Commissioner") denial of her claim for social

security disability benefits. Appellant appeared without representation at an

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

administrative hearing before an Administrative Law Judge ("ALJ"), who determined that she had the residual functional capacity ("RFC") to perform unskilled work limited to simple and repetitive tasks with no public contact or coordination with co-workers. Appellant suffers from depression and borderline intellectual functioning.

On appeal, Appellant argues that the ALJ failed to fulfill his heightened duty to develop the record given her lack of representation and mental condition. She further argues that the ALJ erred in evaluating the medical evidence and determining Appellant's RFC. Finally, she contends that the ALJ erred in rejecting her father's testimony and failing to sufficiently question the vocational expert ("VE"), both of whom testified at the administrative hearing.

Appellant's arguments lack merit. The ALJ satisfied his heightened duty to develop the record and obtain relevant medical evidence by leaving the record open for Appellant to submit additional medical evidence, considering that evidence in making his decision, and ordering a consultative psychological evaluation of Appellant. *See* 20 C.F.R. § 416.912(b); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Furthermore, the ALJ did not err in evaluating Appellant's medical records from the Women's Community Center in Los Angeles, California, where she received mental health treatment for several years. Those records do not contain

"medical opinions" within the meaning of 20 C.F.R. §§ 416.927 and 404.1527 because they do not include statements about what Appellant could still do despite her impairments and her physical or mental restrictions. Thus, the ALJ was not required to articulate the weight given to those medical records. 20 C.F.R. § 416.927(a), (c). The ALJ also did not err in determining Appellant's RFC because he considered all of Appellant's impairments and based his assessment on all relevant evidence in the record. 20 C.F.R. § 404.1545.

The ALJ's conclusion that Appellant's father's testimony conflicted with the medical evidence was a germane reason for rejecting that testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Lastly, the ALJ did not err in failing to ask the VE specific questions because no "obvious or apparent" conflict existed between the VE testimony and the Dictionary of Occupational Titles. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). Thus, substantial evidence in the record supports the Commissioner's decision to deny Appellant benefits. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**AFFIRMED.**